UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| KIM A. KOHLER-LOVEJOY, | |
|---|---|
| | |
| Plaintiff, | Index No.: <u>5:14-CV-1299</u> |
| | [GTS/TWD] |
| V. | |
| | |
| INSURANCE COMPANY OF NORTH | |
| AMERICA, | |
| | |
| Defendant | |

_____—

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1441 and 1446, the action *Kim A. Kohler-Lovejoy against Insurance Company of North America,* commenced in the Supreme Court of the State of New York, County of Tompkins, under Index No. 2014-0763, is timely removed by the Defendant Life Insurance Company of North America ("LINA") sued herein as Insurance Company of North America, from the Supreme Court of the State of New York, County of Tompkins, to the United States District Court for the Northern District of New York, by filing a Removal with the Clerk of the United States District Court for the Northern District of New York.

LINA, by and through its attorneys, RUSSO & TONER, LLP, respectfully states the following grounds for removing this action:

1.      This action is removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

2. On or about August 21, 2014, the plaintiff Kim A. Kohler-Lovejoy ("Plaintiff") commenced this action against the Defendant by filing a Summons and Complaint, dated August 18, 2014, in the Tompkins County Clerk's Office. A copy of the Summons and Complaint is

annexed hereto as **Exhibit "A".**

3.      In her complaint, the Plaintiff claims she was covered under Disability Policy by virtue of her employment  with Cornell University. She Exhibit "A" at ¶6 thereto.

4.      The Disability policy was issued as part of an Employee Retirement Income Security Act of 1974 ("ERISA") Employee Welfare Benefit Plan Pursuant to ERISA, 29 U.S.C. §§1001-1461. LINA would be responsible for any verdict rendered or settlement reached in this matter.

5.      This Court has original jurisdiction over the Plaintiff's claim under ERISA 29 U.S.C. §1132(e). A cause of action filed in a state court that is pre-empted by ERISA and comes under the scope of 29 U.S.C. §1132(a)(1) is removable to federal court under 28 U.S.C. §1441(b) as an action arising under federal law. See <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58 (1987).

6.      LINA filed this Notice of Removal within thirty (30) days after receipt of the Summons and Complaint. A copy of the Service of Process Transmittal from CT Corporation, dated September 26, 2014 is annexed hereto as **Exhibit "B".**

7.      A copy of the written notice required by 28 U.S.C. §1446(d), addressed to the Plaintiff's counsel and the Clerk of the Supreme Court, Tomkins County, is annexed hereto as **Exhibit "C"** and will be filed in the Supreme Court for Tompkins County and served on the Plaintiff's counsel after the filing of this Notice of Removal in the United States District Court for the Northern District of New York.

## <u>JURISDICTION EXISTS UNDER 28 U.S.C. §1331</u>

8.      This Notice of Removal is filed under the provisions of 28 U.S.C. §1441on the grounds that it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C.

§1331 and 29 U.S.C. §1332(e)(1) because the claim asserted and the question raised by the

Plaintiff arises under ERISA 29 U.S.C. §§1001, *et seq.* LINA would be responsible for any

verdict rendered or settlement reached in this matter.

      9.     That by effecting the removal of this civil action, LINA reserves all rights to raise

any and all defenses available under the Federal Rules of Civil Procedure, including, without

limitations, Fed. R. Civ. P. 12.

           **WHEREFORE**, the Defendant Life Insurance Company of North America

("LINA") removes this action, currently docketed in the Supreme Court of the state of New

York, County of Tompkins, under Index No. 2014-0763, to this Court, and requests that the

United States District Court for the Northern District of New York assume complete jurisdiction

over this action and exclude any further proceedings in the New York State Supreme Court.

Dated: New York, New York
        October 23, 2014

                    Yours, etc.
                    **RUSSO & TONER, LLP**

                    Kevin G. Horbatiuk (KH4977)
                    Attorneys for Defendant
                    **LIFE INSURANCE COMPANY OF**
                    **NORTH AMERICA ("LINA") s/h/a**
                    **INSURANCE COMPANY OF NORTH**
                    **AMERICA**
                    33 Whitehall Street, 16th Floor
                    New York, New York 10004
                    R&T File No.: 820.321
                    (212) 482-0001

TO:    **HINMAN HOWARD & KATTELL, LLP**
      Albert J. Millus, Jr., Esq.
      Attorneys for Plaintiff
      **KIM A. KOHLER-LOVEJOY**
      700 Security Mutual Bldg.
      80 Exchange Street
      P.O. Box 5250
      Binghamton, New York  13902-5250
      (607) 723-5341



Exhibit A



NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES

| Andrew M. Cuomo | Benjamin M. Lawsky |
|---|---|
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of TOMPKINS

2014-0763

Kim A. Kohler-Lovejoy                                    Plaintiff(s)

against

Defendant(s)

Insurance Company of North America

RE :Insurance Company of North America formerly known as      President and Directors of the Insurance Company of North America

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on September 19, 2014 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Hinman, Howard & Kattell, LLP
700 Security Mutual Bldg.
80 Exchange Street
PO Box 5250
Binghamton, New York 13902

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Melissa Fox
Insurance Company of North America
CT Corporation System 111 Eighth Avenue
New York, New York 10011

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, September 23, 2014
546736

Index #:  2014-0763      CI2014-15587
08/21/2014 01:13:53 PM
SUMMONS
Aurora R. Valenti, Tompkins County Clerk

STATE OF NEW YORK
SUPREME COURT: COUNTY OF TOMPKINS

---

KIM A. KOHLER-LOVEJOY,

                                        Plaintiff,

          v.

INSURANCE COMPANY OF NORTH AMERICA,

                                        Defendant.

---

Index No.:
Date of Filing:  August ___, 2014

**SUMMONS**

Plaintiff designates
Tioga County as the place of trial.

The basis of the venue is
plaintiff's residence.  Plaintiff resides at
1955 Slaterville Rd., Ithaca, Tompkins
County, New York.

To the above named Defendant:

     **You are hereby summoned** to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:          Binghamton, New York
                August 18, 2014

Defendant's address:

Insurance Company of North America
436 Walnut Street
Philadelphia, PA 19106

HINMAN, HOWARD & KATTELL, LLP
Albert J. Millus, Jr., Esq., of Counsel
Attorneys for Plaintiff
700 Security Mutual Bldg.
80 Exchange St.
P.O. Box 5250
Binghamton, NY  13902-5250
Telephone:  607-723-5341

STATE OF NEW YORK
SUPREME COURT: COUNTY OF TOMPKINS



Index #: 2014-0763
08/21/2014 01:13:52 PM
COMPLAINT                CI2014-15586
Aurora R. Valenti, Tompkins County Clerk

KIM A. KOHLER-LOVEJOY,

                              Plaintiff,

       v.                                        **COMPLAINT**

                                                 Index No.:

INSURANCE COMPANY OF NORTH AMERICA,

                              Defendant.

       Plaintiff Kim A. Kohler-Lovejoy, by and through her attorneys, Hinman, Howard &

Kattell, LLP, complaining of defendant Insurance Company of North America, alleges as

follows:

       1.      This is an action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to

plaintiff under the terms of her disability benefit plan, and to clarify plaintiff's rights to future

benefits under the plans.

       2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

       3.      Plaintiff is a resident of the Town of Ithaca, Tompkins County, New York.

       4.      Upon Information and belief, defendant Insurance Company of North America is

a Pennsylvania corporation having its principal place of business in the State of Pennsylvania.

Upon information and belief, defendant Life Insurance Company of North America is licensed to

do business in the State of New York.

       5.      In 1985, while an athletic, self-supporting graduate student living in Colorado,

plaintiff experienced sudden and unexplained severe nerve pain in both buttocks and the sacral

area, which has plagued her since that time.   She has sought continuing medical treatment since

that time, but the treatment has not improved her condition, which has worsened since that time. She struggled to work for nearly a decade. After finishing her degree from her apartment bed, she relocated to Ithaca, where she worked as a computer programmer, first at a small engineering firm and then, beginning in 1988, at Cornell University.

6.      Upon information and belief, prior to 1994, Cornell University established a long-term disability plan for the benefit of its employees (the "Plan").  The Plan was intended to provide long-term disability benefits, respectively, to eligible employees.  Upon information and belief, Cornell University and/or the Plan purchased Group Policy No. GK0050018, issued by defendant to provide coverage to the participants in and beneficiaries under the Plan.

7.      Upon information and belief, Cornell University is the Sponsor and Administrator of the Plan.  Upon information and belief, under the terms of the Plan, CIGNA Group insurance has the power and responsibility to make determinations with respect to applications for Plan benefits submitted by claimants such as plaintiff.

8.      Prior to 1994, plaintiff became a participant in the Plan.

9.      Between 1985 and 1994, plaintiff sought regular medical treatment took multiple medications to attempt to alleviate her condition.  In 1994, Ms. Kohler-Lovejoy underwent a painful and mutilative bilateral Sacroilliac Joint Fusion in an attempt to mitigate or eliminate the pain.  The surgery was unsuccessful, and due to a surgical error caused further damage. Following this surgery, her employer concluded that she could no longer work, and she has been unemployed since that time, undergoing additional surgeries and medical treatments, with nothing mitigating her pain and co-morbidities.  Plaintiff's condition was ultimately determined to be due to an exceedingly rare condition wherein pulsatile arteriovenous malformations are

2

intermixed with the sciatic arteries, which was not resolved or mitigated with further surgical and pharmacological interventions.

10.     Plaintiff has been unable to perform all the material duties of her own regular occupation, and also unable to perform all the material duties of any occupation for which she may reasonably become qualified based on her education, training or experience.

11.     Plaintiff applied for and was granted long-term disability benefits under the Plan. She also applied for and was awarded Social Security Disability benefits.

12.     Plaintiff received disability benefits through the Cornell University CIGNA group plan through December 15, 2007.  However, a campaign and strategy to terminate Ms. Kohler-Lovejoy's benefits began with the "CIGNA Lump Sum Settlement Program" in early 2007.  By letter dated February 22, 2007, the company offered to buy out the claim for $79,000.00.  Ms. Kohler-Lovejoy did not accept the offer.  Shortly thereafter, the company began a "review" of Ms. Kohler-Lovejoy's medical condition.

13.     On December 13, 2007, the company wrote to Ms. Kohler-Lovejoy advising that her benefits were, in fact, being terminated based upon an alleged review of her medical records by an individual who appeared to be a CIGNA-affiliated physician.

14.     Plaintiff appealed the determination by letter from her counsel dated June 6, 2008. Among other things, the appeal was supported emphatically by plaintiff's primary treating physician, Dr. Adam Law, who continued and continues to be of the opinion that plaintiff is totally disabled.  Dr. Law's opinion was supported by a consultant hired by CIGNA, Dr. James Boscardin.

15.     By letter of October 30, 2008 to Ms. Kohler-Lovejoy, CIGNA advised that the determination had been reversed and the benefits reinstated.

3

16.     Plaintiff's condition continued to worsen after that time.

17.     During the spring and summer of 2010, CIGNA had surveillance performed on plaintiff. CIGNA also had plaintiff examined by another physician, Dr. Matthew Estill. Dr. Estill concluded that plaintiff was unable to work. CIGNA took no action at that time.

18.     Plaintiff's condition continued to worsen.

19.     In 2012, CIGNA undertook another review of plaintiff's condition. Dr. Law continued to be of the opinion that plaintiff was totally disabled. However, by letter of December 6, 2012 CIGNA advised that plaintiff's benefits would again be terminated effective January 5, 2013.

20.     Plaintiff, through counsel, filed an administrative appeal with CIGNA. CIGNA denied the appeal by letter dated September 4, 2013. Plaintiff filed a second appeal, which was denied by CIGNA's letter of May 20, 2014. A copy of the second appeal letter submitted on plaintiff's behalf, setting forth the complete history of the matter, is annexed hereto as Exhibit A.

21.     Despite all objective medical evidence to the contrary, as well as the consistent conclusions of plaintiff's primary treating physician, the federal Social Security Administration, and at least two physicians hired by CIGNA, CIGNA wrongfully concluded that plaintiff was not totally disabled, and denied her claims for benefits.

22.     Plaintiff is "disabled" within the meaning of the terms of the Plan and is entitled to long-term disability benefits in accordance with the terms of the Plan.

23.     Plaintiff has exhausted all her administrative remedies.

### FIRST CAUSE OF ACTION

24.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 23 of this Complaint.

4

25.     The determinations of defendants denying plaintiff benefits under the Plan were incorrect and at variance with the terms of the Plan.

26.     The Court should conduct a *de novo* review of defendants' determinations.

27.     Plaintiff is entitled to benefits from the date of their discontinuation to the date of entry of judgment, as well as future benefits, in an amount to be determined after trial.

28.     In addition, plaintiff has been damaged as a result of defendants' actions in other respects, including but not limited to the loss of quarterly payments by Cornell University of $3,905.04 per year into plaintiff's retirement account, which were discontinued upon the termination of her long term disability benefits.  In addition, upon information and belief, plaintiff is entitled to collect a penalty, in an amount presently unknown, due to the failure of CIGNA, acting as defendant's agent, to provide her with copies of documentation she requested in a timely fashion.

29.     Plaintiff is also entitled to a declaration that her present condition rendered and renders her "disabled" as defined by the Plan.

30.     Defendant's action was in bad faith.

31.     Plaintiff is entitled to recover her attorneys' fees

## SECOND CAUSE OF ACTION

32.     Plaintiff repeats and realleges paragraphs 1 through 23 and 25 through 31 of this Complaint.

33.     This cause of action is pleaded in the alternative.

34.     The determinations of defendants denying coverage were arbitrary and capricious and were not supported by substantial evidence.

5

35.     In the event this Court does not conduct a *de novo* review of defendants' determinations, the determinations should be reversed for the reasons stated in the preceding paragraphs.

36.     Plaintiff demands a trial by jury of any and all claims so triable.

**WHEREFORE**, plaintiff demands judgment:

1.     For benefits to the date of entry of judgment, plus future benefits, plus other compensatory and consequential damages to be determined after trial;

2.     Declaring that plaintiff's current medical condition renders her "disabled" within the meaning of the Plan, and directing that payments continue until such time as plaintiff ceases to be "disabled" within the meaning of the Plan;

3.     For reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g); and

4.     For the costs and disbursements of this action, together with any other relief the Court deems just and proper.

Dated:        Binghamton, New York
              August 18, 2014

                              HINMAN, HOWARD & KATTELL, LLP
                              Albert J. Millus, Jr., Esq., of Counsel
                              Attorneys for Plaintiff
                              700 Security Mutual Building
                              80 Exchange St.
                              P.O. Box 5250
                              Binghamton, NY  13902-5250
                              Telephone:  607-723-5341

6

HINMAN, HOWARD & KATTELL, LLP
OPERATING ACCOUNT
700 SECURITY MUTUAL BLDG, P.O. BOX 5250
BINGHAMTON, NY 13901

DATE
09-17-2014

NBT BANK, N.A.
50-361/213

CHECK NUMBER:     559763

PAY     FORTY AND 00/100 Dollar(s)

$     AMOUNT
        40.00

TO THE
ORDER     NYS Department of Financial Services
OF

MEMO Kohler Lovejoy v. Ins. Co.
of North America

559763

HINMAN, HOWARD & KATTELL, LLP
THIS CHECK IS VOID AFTER THREE MONTHS

AUTHORIZED SIGNATURE

⑈559763⑈ ⑆021303618⑆ ⑈700303707 4⑈



Exhibit B

 CT Corporation

**Service of Process Transmittal**
09/26/2014
CT Log Number 525769144

**TO:**   Saverio Rocca, Corporate Counsel
ACE Group
436 Walnut Street, 2nd Floor WA02C
Philadelphia, PA 19106

**RE:**   **Process Served in New York**

**FOR:**   Insurance Company of North America (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kim A. Kohler-Lovejoy, Pltf. vs. Insurance Company of North America, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Copy of Check |
| **COURT/AGENCY:** | Tompkins County: Supreme Court, NY<br>Case # 20140763 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 09/26/2014 postmarked on 09/23/2014 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Albert J. Millus, Jr.<br>Hinman, Howard & Kattell, LLP<br>700 Security Mutual building<br>80 Exchange St.<br>P.O. Box 5250<br>Binghamton, NY 13902-5250<br>607-723-5341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/26/2014, Expected Purge Date: 10/01/2014<br>Image SOP<br>Email Notification, Adrienne Logan ADRIENNE.LOGAN@acegroup.com<br>Email Notification, Marie Morrill marie.morrill@acegroup.com<br>Email Notification, Pamela Martin pamela.martin@acegroup.com<br>Email Notification, Angela Jay angela.jay@acegroup.com<br>Email Notification, Darlene Schneider darlene.schneider@acegroup.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011<br>212-590-9070 |

Page 1 of  1 / BM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS
--------------------------------------------------------------------X
KIM A. KOHLER-LOVEJOY,

               Plaintiff,                            Index No.: 2014-0763

      V.

INSURANCE COMPANY OF NORTH                **NOTICE OF FILING OF**
AMERICA,                                       **NOTICE OF REMOVAL**

               Defendant
--------------------------------------------------------------------X

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   **HINMAN HOWARD & KATTELL, LLP**    Tomkins County Clerk's Office
      Albert J. Millus, Jr., Esq.               320 N Tioga Street
      Attorneys for Plaintiff                Ithaca, New York 14850
      **KIM A. KOHLER-LOVEJOY**         (607) 274-5431
      700 Security Mutual Bldg.
      80 Exchange Street
      P.O. Box 5250
      Binghamton, New York  13902-5250
      (607) 723-5341

         **PLEASE TAKE NITICE** that a true copy of the Notice of Removal, filed in the
Office of the Clerk of the United States District Court for the Northern District of New York, on
October _23rd_, 2014, is annexed hereto as **Exhibit "A".**

Dated: New York, New York
       October 23, 2014

                                  Yours, etc.
                                  **RUSSO & TONER, LLP**

                                  *Kevin G. Horbatiuk*
                                  Kevin G. Horbatiuk (KH4977)
                                  Attorneys for Defendant
                                  **LIFE INSURANCE COMPANY OF
                                  NORTH AMERICA ("LINA") s/h/a
                                  INSURANCE COMPANY OF NORTH
                                  AMERICA**
                                  33 Whitehall Street, 16th Floor
                                  New York, New York 10004
                                  R&T File No.: 820.321; (212) 482-0001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM A. KOHLER-LOVEJOY,                          |
                                                |
                        Plaintiff,              |
                                                |
        V.                                      |
                                                |
INSURANCE COMPANY OF NORTH                      |
AMERICA,                                        |
                                                |
                        Defendant               |
_____

---

## NOTICE OF REMOVAL

---

**RUSSO & TONER, LLP**
Attorneys for Defendant
**LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA")**
**s/h/a INSURANCE COMPANY OF NORTH AMERICA**
33 Whitehall Street, 16th Floor
New York, New York 10004
R&T File No.: 820.321
(212) 482-0001